**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| MARGARET STUMP, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:20-CV-334-JEM |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Margaret Stump

on September 23, 2020, and Plaintiff's Opening Brief [DE 25], filed July 12, 2021. Plaintiff

requests that the decision of the Administrative Law Judge be reversed and remanded for further

proceedings. On August 23, 2021, the Commissioner filed a response. Plaintiff did not file a reply.

For the following reasons, the Court remands the Commissioner's decision.

**I.      Background**

On August 2, 2018, Plaintiff filed an application for benefits alleging that she became

disabled on September 6, 2017. Plaintiff's application was denied initially and upon consideration.

On November 21, 2019, Administrative Law Judge ("ALJ") Robert H. Schwartz held a hearing at

which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On December 17,

2019, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

> 1.      The claimant meets the insured status requirements of the Social Security
>         Act through December 31, 2023.

1

2. The claimant has not engaged in substantial gainful activity since September 6, 2017, the alleged onset date.

3. The claimant has the following severe impairments: bilateral shoulder degenerative joint disease, status-post right shoulder surgery.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she should carry no more than five pounds with the right upper extremity, should never reach overhead with the right upper extremity and she can reach overhead with the left upper extremity no more than occasionally. She can reach in any direction bilaterally no more than frequently.

6. The claimant is unable to perform any past relevant work.

7. The claimant was a younger individual age 18-49 on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 6, 2017 through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE

16]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.      Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780,

782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III.   Analysis

Plaintiff argues that the ALJ erred in not determining whether Plaintiff had a closed period of disability from September 6, 2017, to September 24, 2018. The Commissioner argues that the ALJ thoroughly explained why the evidence did not support Plaintiff's claim that she was disabled.

"A claimant may receive an award of temporary benefits if she is disabled for 12 months or longer, even if she later recovers sufficient health to return to work." *Summers v. Berryhill*, 864 F.3d 523, 528 n.3 (7th Cir. 2017) (citing 20 C.F.R. § 404.1594); *see also Jackson v. Astrue*, No. 09 C 50028, 2010 WL 4793309, at *13 (N.D. Ill. Nov. 18, 2010) ("Claimant need not have a current disability in order to qualify for DIB benefits under Title II, and the ALJ should have considered the possibility that Claimant was disabled during a closed period lasting at least twelve months.") (citing 20 C.F.R. § 404.320(b)(3); *Brown v. Massanari*, 167 F.Supp.2d 1015, 1017 (N.D. Ill. 2001)).

4

The ALJ did not specifically address whether Plaintiff was disabled during a closed period. Accordingly, "the court must consider whether substantial evidence supported the ALJ's finding that Claimant had not been under a disability for any period of at least twelve months." *Jackson v. Astrue*, No. 09 C 50028, 2010 WL 4793309, at *13 (N.D. Ill. Nov. 18, 2010).

In this case, the ALJ described Plaintiff's treatment, including surgeries in September 2017 and January 2018, physical therapy, and lots of pain medication including injections in 2017 and 2018, as well physician recommendations during that time that Plaintiff was unable to work at her previous job. The ALJ found a functional capacity evaluation dated September 24, 2018, to be "persuasive," but Plaintiff argues that this date, more than a year after Plaintiff's alleged disability onset date, marks the high point of her abilities, and does not account for her limitations in the preceding year. Indeed, the majority of the records the ALJ refers to as showing improvement in pain and lower levels of pain are in late August and September 2018, approximately twelve months after Plaintiff's alleged disability onset date. The Court notes that, to the extent that the ALJ relied on reports of improvement in Plaintiff's pain levels, that does not mean it has improved to the point that she can perform work. *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014) (as amended Aug. 20, 2014) ("Simply because one is characterized as 'stable' or 'improving' does not necessarily mean that she is capable of doing light work."); *Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

The Commissioner argues that the ALJ traced the history of plaintiff's treatment over the period of time and summarized the evidence, including the fact that there are physician notes indicating that Plaintiff might be able to perform some work, but not her previous work. The ALJ

5

does refer to some physician notes during the time period in question opining that Plaintiff should be "off work" because she was unable to perform her past work and no appropriate jobs were available at her previous workplace. However, the ALJ "[did] not find these statements to be persuasive," so the Court cannot conclude that he was relying on these notes as evidence of what tasks Plaintiff was able to perform between September 2017 and September 2018 and whether there were jobs available that she could do.

The ALJ did not adequately explain whether Plaintiff was disabled for a closed period of at least twelve months immediately following her first surgery, and the Court is unable to determine whether substantial evidence supported a conclusion that Plaintiff was able to work during that period. The ALJ emphasized Plaintiff's improvement in physical ability and decrease in pain over that time, but the record includes evidence that she did not have full range of motion and was in significant pain, including undergoing a second shoulder surgery, during that year. It may be that Plaintiff's symptoms were disabling for a period of less than a year and therefore Plaintiff is not entitled to benefits for a closed period, but the ALJ did not make that finding, and the Court is unable to trace a logical bridge from the evidence to his conclusion. *See Laura C. v. Saul*, No. 19 C 1990, 2020 WL 3469115, at \*4 (N.D. Ill. June 25, 2020) ("Evidence in the record could support a finding that Plaintiff had disabling symptoms between the surgeries, both from the effects of her small stroke and unresolved spinal issues, but the ALJ failed to discuss it. The ALJ's decision emphasizes medical findings tending to show improvement, such as strength. However, the record also contains ample evidence of pain and other symptoms that ultimately required additional surgery. The ALJ should have more fully discussed those symptoms and explained why they were not disabling for a twelve-month period prior to the time she improved after the July 2017 surgery.").

6

The Court also notes that the RFC includes fewer limitations than those opined by the "persuasive" functional capacity evaluation because some of the limitations "were based upon the claimant's self-reports of pain when bending or stooping, as physical exam findings do not show any limitation of motion of the trunk or muscle weakness in the lower extremities that would support these limitations" and there are not "physical exam abnormalities in her lumbar spine or lower extremities," but does not point to any medical source opining that Plaintiff is able to do work requiring those movements. The ALJ is required to consider Plaintiff's allegations of pain and limitations and "evaluate whether [Plaintiff's] statements are consistent with objective medical evidence and the other evidence" and "explain" which symptoms were found to be "consistent or inconsistent with the evidence." SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017), at *6, *8; *Ghiselli v. Colvin*, 837 F.3d 771, 777 (7th Cir. 2016) ("[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts."); *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.").

On remand, the ALJ must consider whether Plaintiff was disabled during any period at least twelve months long, and is reminded of the requirement to address Plaintiff's work-related abilities throughout the entire time of alleged disability, including limitations caused by pain, in accordance with the Regulations.

## VI.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 25] and **REMANDS** this matter for further proceedings consistent with this

opinion.

       SO ORDERED this 18th day of February, 2022.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:  All counsel of record